**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JAMIE SHAWN MCCALL
ADC # 610019                                                                                    PLAINTIFF

v.                                          4:14CV00334-BRW-JJV

SHOCK                                                                                             DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

   1.    Why the record made before the Magistrate Judge is inadequate.

   2.    Why the evidence to be proffered at the new hearing (if such a hearing is

granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.     INTRODUCTION

Jamie Shawn McCall ("Plaintiff") alleges that Sheriff Andy Shock[1] unconstitutionally discriminated against him by implementing a policy requiring inmates to groom themselves with a product known as "Magic Shave."  (Doc. No. 2 at 3.)  He claims this product was intended for use only by African-American men and it burned his skin when he used it.  (*Id*.)  Lastly, he alleges that he was discriminated against, because "309 inmates" are allowed other grooming options.  (*Id*.)  Now, Sheriff Shock has moved for summary judgment.  (Doc. No. 19.)  Plaintiff has not filed a response, and the time for doing so has passed.

### II.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if

---

[1] The docket currently refers to the Sheriff only by his last name. The Clerk of Court shall update the docket to include his full name.

the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.    ANALYSIS**

Pursuant to his Motion, Sheriff Shock argues that: (1) Plaintiff has stated only official capacity claims against him; (2) the record does not support a finding of official capacity liability for discrimination; and (3) even if Plaintiff asserted individual capacity claims against the him, such claims would be barred by qualified immunity. The Court will examine each argument in turn.

  **A.    Official Capacity Claims**

Sheriff Shock argues that, because the Complaint does not specify which capacity this action is brought in, Plaintiff has stated only official capacity claims. It is settled law that, where a suit fails to specify individual capacity claims, it is presumed that only official capacity claims are

brought against the defendants. *Artis v. Francis Howell North Band Booster Ass'n*, 161 F.3d 1178, 1182 (8th Cir. 1998). A review of the Complaint confirms that no individual capacity claims were specified. Moreover, by failing to respond to the current Motion, Plaintiff has declined to elaborate as to his intentions. Accordingly, the Court construes this action as bringing only official capacity claims against Sheriff Shock.

An official capacity claim against a county official is equivalent to a claim against the county itself. *Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998). A county can only be held liable under section 1983 where a plaintiff can show that some policy, practice, or custom of the county caused his constitutional injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (U.S. 1978). Sheriff Shock has presented evidence that no county policy requires inmates to use "Magic Shave" for grooming. Instead, the product is offered through the third-party prison commissary and its use is entirely optional. (Doc. No. 21-1 ¶¶ 4-5.)[2]

Plaintiff has also failed to establish that any policy of the county discriminates against him. Because he does not assert membership in a protected class or a violation of his fundamental rights,[3] Plaintiff must prove that the county "systematically and intentionally treated [him] differently from others similarly situated and that there is no rational basis for the difference in treatment." *Nolan v. Thompson*, 521 F.3d 983, 989 (8th Cir. 2008) (quoting *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)) (internal quotations omitted). First, Plaintiff has not offered any evidence or argument that

---

[2]The Court notes that Plaintiff does not allege he was required to shave during his stay at the Faulkner County Detention Center.

[3]A fundamental right is one which is "objectively, deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 702 (1997). The Court finds that shaving while incarcerated does not implicate such a right.

4

he is similarly situated to the Act 309[4] inmates who are afforded more grooming options. There is also no protected liberty interest in participating in programs like the one arising under Act 309. *Mahfouz v. Lockhart*, 826 F.2d 791, 793 (8th Cir. 1987). Second, Sheriff Shock states it is only those Act 309 inmates who work in the facility kitchen who are allowed to maintain their facial hair by shaving, either with razors or clippers. (Doc. No. 21-1 ¶ 7.) The use of razors on a facility-wide basis is disallowed because of the security risk the blades represent in the hands of inmates. (*Id*.) Electric clippers are made available for all inmates appearing for jury trial. (*Id*. ¶ 6.) The Court finds the Faulkner County grooming policy passes the rational basis test because of the discretion, particularly in matters of security, which courts accord prison administrators. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Based on the foregoing, the Court recommends that Plaintiff's claims against Sheriff Shock be dismissed.

**B.     Individual Capacity Claims**

As noted above, the Court has already found that Plaintiff has asserted only official capacity claims against Sheriff Shock. Even if his Complaint were construed to include individual capacity claims, however, qualified immunity would militate in favor of their dismissal.

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a

---

[4] Act 309 as amended is an inmate program operated by the Arkansas Department of Correction ("ADC"). The director of the ADC signs agreements with county and city officials for the purpose of temporarily accommodating certain State inmates in municipal detention facilities. These inmates may work on government property and projects while under the supervision of the county sheriff or their designee.

question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[5] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

Sheriff Shock has argued that he neither instituted a policy requiring Plaintiff to use "Magic Shave" nor did he require the commissary to stock it. Plaintiff has not offered any contradicting evidence, and the Court accepts the Sheriff's assertions as true. Additionally, the Court has already determined that the grooming policy Plaintiff complains of does not unconstitutionally discriminate against him. Absent other allegations of misconduct, the Court finds that the record does not support a claim that Sheriff Shock violated Plaintiff's constitutional or statutory rights. He would, therefore, be entitled to qualified immunity from any individual capacity claims which might conceivably arise from Plaintiff's Complaint.

---

[5]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Clerk of Court shall alter the docket to reflect that Defendant Shock is appropriately Defendant "Andy Shock";

2. Defendant's Motion for Summary Judgment (Doc. No. 19) be GRANTED;

3. Plaintiff's claims against Defendant Shock be DISMISSED with prejudice;

4. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 26th day of February, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE